Lu, John T., J.
INTRODUCTION
The plaintiff, Ledgewood Condominium Trust (Ledgewood Trust), and the defendant, Community Associates Underwriters of America, Inc. (Community Underwriters), cannot agree on whether and in what amount an insurance policy covers a fire loss at the Ledgewood Condominium Complex (Condominium Property). Ledgewood Trust moves for partial summary judgment, asserting that a prior determination by a reference panel is conclusive as to those issues. The court concludes that the reference award is conclusive as to the amount of loss, but not as to Community Underwriters’ ultimate liability. Ledgewood Trust’s motion for partial summary judgment is allowed in part and denied in part.
STATUTORY FRAMEWORK
All fire insurance policies are required to follow a standard form including a reference provision under the twelfth clause of G.L.c. 175, §99. “In case of loss . . . and a failure of the parties to agree as to the *359 amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, . . . and the award in writing . . . shall be conclusive and final upon the parties.” Id.
The insurer, however, does not waive any legal defenses by submitting to reference proceedings.
A company which in compliance with section one hundred [selection of referees] or one hundred and one D [determination of value] joins in reference proceedings shall not thereby be held to have waived any legal defense to the claim in respect to which the reference proceedings are held and such proceedings shall fix only the amount of the loss sustained by the insured or the sound value of the property, as the case may be, unless both parties shall agree in writing that the reference shall be held and shall proceed under the provisions of chapter two hundred and fifty-one [Uniform Arbitration Act for Commercial Disputes].
G.L.c. 175, §101E.
One such defense is willful misrepresentation or fraud on the part of the insured, which voids the policy:
This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.
G.L.c. 175, §99.
BACKGROUND
The Condominium Property is a residential complex in Peabody, Massachusetts, which suffered a fire on December 19, 2003. Community Underwriters is an insurance company, and issued the policy covering the Condominium Property, which was in effect at the time of the fire loss.[2]
Ledgewood Trust made $2,366,620.69 in claims to Community Underwriters. Community Underwriters paid $1,217,019.06 in interim claim payments. In November 2005, Community Underwriters offered $227,286.16 as final payment in full, and Ledgewood Trust refused to accept the payment as payment in full.
The parties eventually submitted their dispute to reference, pursuant to G.L.c. 175, §99.[3] Based on their determination as to the insurance policy’s coverage for the fire loss, the referees awarded Ledgewood Trust $1,762,442.60, of which $1,217,019.38 had been paid. Ledgewood Trust now seeks partial summary judgment declaring that it is entitled to payment of the balance of $534,423.22. Community Underwriters opposes the motion.
DISCUSSION
A. Summary Judgment Standard
Summary judgment will be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to a judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing parly’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
B. The Statutory Reference Procedure
Ledgewood Trust moves for partial summary judgment, asserting that, under G.L.c. 175, §99, the reference award of $1,762,442.60 is conclusive and, therefore, Ledgewood Trust is entitled to the unpaid balance of $534,423.22. Relying on G.L.c. 175, §101E, Community Underwriters responds that the reference procedure merely determined the amount of the loss, but did not decide whether Ledgewood Trust’s alleged willful, material misrepresentations in the claims process relieves Community Underwriters from liability for the loss.
In Augenstein, the Supreme Judicial Court stated that where there is no question about the construction of the policy, the referees’ finding is “conclusive of the loss as well as the amount.” Augenstein v. Insurance Co. of North America, 372 Mass. 30, 36 (1977). In Augenstein, the referees determined that the insured had incurred a loss by theft despite the insurer’s contention that the loss never happened. Id. at 31. On the basis of such reference, the trial court should have granted the insured’s motion for a directed verdict instead of allowing the matter to reach a jury verdict because as the Supreme Judicial Court stated, “[u]nder our decisions the insurer was not entitled to a fresh determination by ajuiy of the question of loss.” Id. at 38.
However, the Supreme Judicial Court recognized that, in contrast to the existence and amount of the loss, issues of liability fall outside the scope of the reference procedure, and “[a]n instance of an issue going to liability (a legal defense under G.L.c. 175, §101E) is whether the insured overvalued the loss in his proof of loss, thus falling under a provision of the policy voiding it for certain frauds.” Id. at 35 n. 10. See Federal Ins. Co. v. Klinck, U.S.D.C., Nos. 91-13347-Z, 92-10213-Z (D.Mass. 1993) (“the issue of whether *360 Klinck fraudulently overvalued the loss in his insurance claims ... was beyond the scope of reference and therefore remains for decision”).
The reference procedure determined that a loss occurred in the amount of $1,762,442.60. Neither Community Underwriters nor Ledgewood Trust can re-litigate the existence or amount of such loss. Au-genstein, 372 Mass. at 36. Unlike in Augenstein, however, Community Underwriters is not disputing the existence of the loss. Rather, noting that the reference award was substantially less than the insured’s claim, Communiiy Underwriters wishes to litigate the issue of whether Ledgewood Trust fraudulently overstated its claim so as to vitiate the policy and relieve Community Underwriters of liability. Under the principles set forth in Augenstein and applied in Klinck, Community Underwriters retained the right to litigate the issue because it goes to the question of ultimate liability. See Augenstein v. Insurance Co. of North America, 372 Mass. 30 (1977), Federal Ins. Co. v. Klinck, U.S.D.C., Nos. 91-13347-Z, 92-10213-Z (D.Mass. 1993).
Ledgewood Trust relies on Dorfman v. Cmty. Assoc. Underwriters of Amer., Inc., No. 01-833-B (Essex Super. Ct. January 15, 2003) (Welch, J.) [15 Mass. L. Rptr. 566]. This judge disagrees with the respected judge’s interpretation of Augenstein in Doifman because Community Underwriters is not seeking to re-litigate the existence of the loss or the value of the reference award.
C. Conclusion
Community Underwriters may not contest the amount of the actual loss but may litigate the issue of whether Ledgewood Trust fraudulently inflated the claim. Accordingly, Ledgewood Trust’s motion for partial summary judgment will be allowed as to the existence and amount of the loss, but denied as to Communiiy Underwriters’ ultimate liability for the loss.
ORDER
The motion of the plaintiffs, Bernice Degen, Jon Yoh, Frank Dello, Gerald Silver, and Margot Cleary as trustees of Ledgewood Condominium Trust, for partial summary judgment is ALLOWED in part, and DENIED in part. The motion is allowed as to the existence and amount of the loss. At trial, the defendant, Communiiy Associates Underwriters of America, Inc., cannot contest the determination that the plaintiffs incurred a loss in the amount of $1,762,442.60, but may pursue the defense that the plaintiffs committed fraud so as to void the policy and relieve Communiiy Underwriters of ultimate liability for the loss.

Community Underwriters’ Policy No. CAU203678.

Ledgewood Trust brought this case and, eventually, a motion to compel reference, which was allowed.